UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | 5:06-CR-11 |
| | § | |
| LADERRICK JOHNSON | § | |

### REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

On October 3, 2007, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Denise Simpson. Defendant was represented by John Stroud.

LaDerrick Johnson was sentenced on August 29, 2006, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of prohibited person in possession of a firearm in violation of Title 18 U.S.C. § 922(g)(1), a Class C felony. This offense carried a statutory maximum imprisonment term of ten years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of III, was 18 to 24 months. LaDerrick Johnson was subsequently sentenced to 18 months imprisonment followed by three years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment. On July 16, 2007, LaDerrick Johnson completed his period of imprisonment and began service of the supervision term.

On September 24, 2007, the instant petition to revoke was filed. In its petition, the Government alleges Defendant violated the following conditions:

1) Defendant shall not commit another federal, state, or local crime. Specifically, the

Government alleges as follows.  On or about September 18, 2007, in or about Texarkana, Texas, Mr. Johnson committed the offense of criminal mischief by throwing a rock at the windshield of a red GMC Yukon with Texas license plate number W88 MPH, driven by LaQuashia Crabtree, breaking the windshield on the vehicle, in violation of Texas Penal Code Chapter 28.03.  During questioning by police in reference to another matter, Mr. Johnson admitted to throwing a rock at the windshield of the vehicle.

   2) Defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows. On or about September 18, 2007, in or about Texarkana, Texas, Mr. Johnson committed the offense of  endangering a child by throwing a rock and breaking the windshield on a red GMC Yukon with Texas license plate number W88 MPH, occupied by LaQuashia Crabtree and her three children who are approximately twelve, four and one years old, in violation of Texas Penal Code Chapter 22.041.

   3) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Specifically, the Government alleges as follows. On July 18, 2007, Mr. Johnson was instructed to begin calling the random drug testing line operated by the U.S. Probation Office and instructed to submit urine specimens for testing at a designated collection site as instructed by said line.  Since August 31, 2007, up to and including the date of this petition, Mr. Johnson has failed to call said line every day except for two days.  Additionally, Mr. Johnson has failed to provide urine specimens for testing as instructed by said line on September 7th, 17th, and 18th, 2007.

   4) Defendant shall report to the probation officer and shall submit a truthful and complete

written report within the first five days of each month. Specifically, the Government alleges as follows. On August 3, 2007, Mr. Johnson was instructed by the U.S. Probation Office to report for an office visit on September 7, 2007. Mr. Johnson failed to report on said date and failed to call to reschedule. Additionally, Mr. Johnson has not submitted a written monthly report for the month of August, 2007.

The Court scheduled a revocation hearing October 3, 2007. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, Defendant pled true to the third and fourth allegations as set forth above. The Government abandoned the first and second allegations. Based upon the Defendant's plea of true to the third and fourth allegations and with no objection by the Defendant or the Government, the Court found Defendant violated his conditions of supervised release as alleged in the U.S. Probation Office's violation petition.

The Court thereafter recommended Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five (5) months with a term of supervised release of two years to follow such term of imprisonment. The Court further recommended as follows.

Within 72 hours of release from the custody of the Bureau of Prisons, Defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, Defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance. The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

The defendant shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions: (1) the defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; and (2) the defendant shall not come within 100 feet of LaQuashia Crabtree, her residence or her place of employment. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the third and fourth allegations as set forth in the Government's petition be **ACCEPTED**. Further, it is

**RECOMMENDED** that Defendant's supervised release be **REVOKED**. Further, it is

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of five (5) months with a term of supervised release of two years to follow such term of imprisonment.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

**SIGNED this 4th day of October, 2007.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE