**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **5:06-CR-11** |
| | § | |
| **LADERRICK JOHNSON** | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On December 18, 2008, the Court held a hearing on the Government's Petition to Revoke Supervised Release. The Government was represented by Assistant United States Attorney Denise Simpson. Defendant was represented by John Stroud.

LaDerrick Johnson was sentenced on August 29, 2006, before The Honorable David Folsom of the Eastern District of Texas after pleading guilty to the offense of prohibited person in possession of a firearm in violation of Title 18 U.S.C. 922(g)(1), a Class C felony. This offense carried a statutory maximum imprisonment term of ten years. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of III, was 18 to 24 months. LaDerrick Johnson was subsequently sentenced to 18 months imprisonment followed by three years of supervised release subject to the standard conditions of release, plus special conditions to include drug aftercare and a $100 special assessment. On July 16, 2007, LaDerrick Johnson completed his period of imprisonment and began service of the supervision term.

On October 5, 2007, the original term of supervised release was revoked, and he was sentenced to five (5) months imprisonment to be followed by two (2) years of supervised release. On February 26, 2008, Mr. Johnson completed his period of imprisonment and began service of the subsequent supervision term.

In its petition to revoke, the Government alleges the defendant violated the following conditions:

1) Defendant shall not commit another federal, state, or local crime. Specifically, the Government alleges as follows. On or about February 27, 2008, in Texarkana, Bowie County, Texas Defendant was arrested by the Texarkana Police Department and charged with committing the offense of burglary of a habitation in violation of Title 7 § 30.02 of the Texas Penal Code, a second degree felony. It is alleged that Defendant kicked in the front door of the residence and entered without the owner's permission. Upon arrival, the police located Defendant inside the residence in the kitchen trying to fix something to eat. Defendant was sentenced September 8, 2008 on a reduced charge of burglary of a building.

2) Defendant shall refrain from excessive use of alcohol. Specifically, the Government alleges as follows. On February 28, 2008, Defendant admitted to the U.S. Probation Office that he had consumed about five to six beers on February 27, 2008 and that he was intoxicated that evening.

The Court scheduled a revocation hearing December 18, 2008. At the hearing on the Government's petition and after consenting to the undersigned's taking the plea, the defendant pled true to the allegations as set forth above. Based upon the defendant's plea of true to the allegations, the Court found Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition.

The Court thereafter recommended that the term of supervised release be revoked and the sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is the recommended judgment of the Court that the defendant, LaDerrick Johnson, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with no term

of supervised release to follow said term of imprisonment.  Based on the foregoing, it is

RECOMMENDED that the defendant's plea of true to the allegations as set forth in the Government's petition be ACCEPTED.  Further, it is

RECOMMENDED that the defendant's supervised release be REVOKED.  Further, it is

RECOMMENDED that the defendant, LaDerrick Johnson, be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with no term of supervised release to follow said term of imprisonment.

The parties were informed of the right to file objections to the recommendations as set forth above.  Objections shall be filed within ten days from the date of this Order. Defendant was also advised that he has the right to be present with counsel, to speak in his own behalf, and to have counsel speak in his behalf before any additional sentence is imposed.

SIGNED this 19th day of December, 2008.


CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE