# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 5:06-CR-11 |
| | § | |
| LADERRICK JOHNSON | § | |

## MEMORANDUM ORDER

The above-entitled and numbered criminal action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Defendant filed objections to the Report and Recommendation. The Court held a hearing on Defendant's objections on January 20, 2009. The Court now conducts a *de novo* review of the Magistrate Judge's findings and conclusions.

## REPORT AND RECOMMENDATION

On December 18, 2008, the Magistrate Judge conducted a hearing on the Government's Petition to Revoke Supervised Release. On December 19, 2008, the Magistrate Judge filed a Report and Recommendation, recommending Defendant's plea of true to the allegations as set forth in the Government's petition be accepted and that Defendant's supervised release be revoked. The Magistrate Judge further recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with no term of supervised release to follow said term of imprisonment.

## DEFENDANT'S OBJECTIONS

Defendant objects to the Magistrate Judge's Report and Recommendation. Specifically,

Defendant objects to the Magistrate Judge's recommended sentence of eighteen months. Defendant feels that a downward departure or variance from the advisory guidelines is warranted based upon the following: Defendant was arrested on February 27, 2008, the day after his release from the Federal Bureau of Prisons for burglary of a habitation. On March 4, 2008, a petition was filed, seeking to revoke Defendant's supervised release. On September 8, 2008, Defendant pled guilty to a reduced charge and received a sentence of six months with credit for time served in the 5th District Court of Bowie County, Texas.

Due to an error, Defendant was released from State custody. Defendant was later contacted by U.S. Probation and voluntarily appeared, at which time he was arrested. Defendant contends the delay in bringing him before the Federal Court, to answer this petition, was extremely prejudicial. According to Defendant, the delay in awaiting the conclusion of his State case resulted in a Grade "A" violation as the only alternative to the Court precluded any possibility of a Grade "C" violation being imposed by the Court, which would carry a range of 5-11 months. Defendant further asserts the delay resulted in a six month State sentence being discharged, which resulted in a no jail credit on his impending Federal sentence. Defendant requests that the Court grant him a hearing to allow him to address the issues before the District Court prior to the imposition of sentence.

## *DE NOVO* REVIEW

The Court, having reviewed the Report and Recommendation, the Government's petition, Defendant's objections, and the Government's response to Defendant's objections, is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Defendant faced a Grade A violation of his supervised release because he engaged in conduct that constituted a new state law offense which was punishable by more than one year imprisonment. *See*, U.S.S.G. 7B 1.1. As urged

by the Government, even if Defendant had bonded out on his state case, and been allowed to remain on federal supervised release until his state case had been resolved, he still would have been facing a Grade A violation of his supervised release. A delay would not have changed this fact.

The Government also points out that U.S.S.G. §7B 1.3 states that "any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is basis of the revocation of supervised release." The current sentence was properly imposed after the conclusion of Johnson's state case.

Defendant admitted true to committing a new law violation less than forty-eight hours after being released. Defendant does not contest the fact that the guidelines range was eighteen to twenty-four months imprisonment. The Court agrees with the Magistrate Judge's imposition of an eighteen month sentence. The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Defendant's plea of true to the allegations as set forth in the Government's petition is **ACCEPTED**. Further, it is

**ORDERED** that Defendant's supervised release is **REVOKED**. Based upon Defendant's plea of true to the allegations, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's petition. Further, it is

**ORDERED** that Defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months with no term of supervised release to follow said term

of imprisonment.

**SIGNED this 20th day of January, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE